IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BRIAN ELLIOT CHARLES                                                                    PLAINTIFF

v.                                          NO.  1:06-cv-1008

CLAVEDEE DAVIS;
LT. JANIT DELANEY;
MONROW HEIGHT;
SHERIFF CALVIN KNIGHTON:
NURSE PAULA MANESS:
OFFICER NILSON; JaSHON PYE;
CAPTAIN VICTOR REYNOLDS;
JOHN SMITH                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Brian Elliot Charles (Plaintiff) filed this pro se civil rights action under 42 U.S.C. § 1983 on January 18, 2006.  (Doc. 1).  Plaintiff's complaint was filed *in forma pauperis* (IFP) and certified to proceed on February 8, 2006.  Plaintiff later supplemented his complaint several times.  The named Defendants were properly served and an answer was filed on July 18, 2006 (Doc. 17).  The Defendants filed a Motion for Summary Judgment on January 23, 2007 and the Plaintiff filed a response to the Motion for Summary Judgment on July 17, 2007 (Doc. 46).[1]   The Motion for Summary Judgment was referred to the undersigned for a report and recommendation.

### I. Background

Plaintiff alleges that when he was incarcerated in the Columbia County Detention Center he filed numerous grievances that went unanswered.  Plaintiff also states that he filed grievances

---

[1]Plaintiff's Response to Motion for Summary Judgment was in the form of answers to questions propounded by the Court to assist Plaintiff in responding to the issues raised by the Motion for Summary Judgment. Plaintiff's response was timely filed and has been considered by the Court in making this Report and Recommendation.

regarding his various claims, however those grievances were not returned to him. Plaintiff alleges he also filed grievances regarding the paperwork not being returned, but that those grievances were unanswered and not returned as well. Accordingly, as the Court must view the facts in the light most favorable to Plaintiff, the Court will assume Plaintiff properly pursued his administrative remedies.

Plaintiff's initial Complaint raised one claim, and that was the lack of ladders on the beds at the Columbia County Detention Center. Plaintiff contended that the lack of ladders caused him to fall and suffer physical injury.

Since the time of his original complaint, Plaintiff has amended his complaint several times. Plaintiff also brings these additional claims:

(1)   Denial of access to the law library.

(2)   Denial of medical care: (a) being given the wrong medications; (b) being denied his medications as ordered by prescription; (c) delay or denial of medical care; and (d) missed medical appointments.

(3)   Excessive force.

(4)   Denial of a shower.

(5)   Retaliation for complaining about a lack of equal portions of food.

## II. Discussion

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled

to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### A. Official Capacity Claims

Plaintiff has sued Defendants in their individual and official capacities. Plaintiff's official capacity claims are tantamount to suing Columbia County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on respondeat superior, *id.* at 691, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir.1994). Rather, official-capacity liability must be based on deliberate indifference or tacit authorization. *Id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell,* 436 U.S. at 690-91. In his Response to the Motion for Summary Judgment (Doc. 46), Plaintiff states there was a custom or policy leading to denial of medical care. However, in support of his allegations, Plaintiff offers no evidence, but simply re-alleges that Defendants refused to allow him to see a doctor or give him his medications as prescribed. Plaintiff also states the custom or policy was "the way the sheriff & gards [sic] [handled] me." (Doc. 46, ¶36)

Plaintiff has failed to state a custom or policy of denial of medical treatment in support of his claim. Other than his bare allegations of denial of adequate medical treatment, Plaintiff has presented

no evidence of a custom or policy of Columbia County regarding medical care. Accordingly, Summary Judgment should be granted in favor of the Defendants on Plaintiff's official capacity claims.

### B. Lack of Ladders in the Columbia County Jail

Plaintiff claims there are no ladders or hand rails on the beds at the Columbia County Jail, and this omission caused him to fall from the top bunk and injure himself on a table below. Clearly, this is a claim of pure negligence, and not actionable under Section 1983. *See, e.g., Estelle v. Gamble*, 429 U.S. 97 (1976). In fact, negligent conduct of any degree, including gross negligence, is not a 14th Amendment Violation. *Myers v. Morris*, 810 F.2d 1437, 1468-69 (8th Cir. 1981).

Moreover, Defendants have been granted immunity from tort. Under state law, the county is immune from liability and from suit "for the plaintiff's tortions claims, including those claims against officials and employees of the county." *Matthews v. Martin*, 658 S.W.2d 374 (1983). Accordingly, Defendants' Motion for Summary Judgment should be granted on Plaintiff's negligence claims regarding a lack of ladders or bed rails at the Columbia County Jail.

### C. Denial of Medical Care

As Plaintiff was a pretrial detainee during the time of his claims, his denial of medical care claims are more properly analyzed under the due process clause of the Fourteenth Amendment than the Eighth. "The standard to be applied in assessing a pretrial detainee's claim of due process violations . . . is not entirely clear." *Spencer v. Knapheide Truck Equipment Co.*, 183 F.3d 902, 906 (8th Cir.1999). Nevertheless, "[t]he Supreme Court has held that pretrial detainees are entitled under the Fourteenth Amendment to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." *Id.* (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244

(1983).

In the absence of a clearly binding standard, the Eighth Circuit in analyzing inadequate medical care claims brought by pretrial detainees has applied the Eighth Amendment's deliberate indifference standard. *See e.g., Hartsfield*, 371 F.3d at 456-457; *Spencer*, 183 F.3d at 905-06; *Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir.1994)(analyzing a pretrial detainee's claim of inadequate medical care under the deliberate indifference standard). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials (arresting officers) actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen* 205 F.3d 1094, 1096 (8th Cir.2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)).  Additionally, " '[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Jolly*, 205 F.3d at 1096 (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)).  *See also Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir.2000) ("To establish a constitutional violation, it is not enough that a reasonable official should have known of the risk, a plaintiff must establish that the official in question did in fact know of the risk.").

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious.*" Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "A medical need is serious if it is

obvious to the layperson or supported by medical evidence." *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir.1997) (per curiam) (internal quotation and citation omitted). Deliberate indifference can be manifested by an intentional denial of or delay in providing access to medical care. *Charron v. Medium Sec. Inst.,* 730 F. Supp. 987, 996 (E.D. Mo.1989).

  i. Receiving the wrong medication

Plaintiff claims he received the wrong medication. However, Plaintiff does not claim that he took the wrong medication or was harmed in anyway from this error. Indeed, in Plaintiff's response to the Motion for Summary Judgment, Plaintiff only states that he *could* have been harmed by taking another inmate's medication.

Again, this claim appears to show mere negligence. Plaintiff has presented no evidence to suggest defendants's alleged conduct reaches the level of "deliberate indifference" required for a denial of medical care claim under Section 1983. Moreover, Plaintiff can show no harm. Accordingly, Summary Judgment should be granted on Plaintiff's claims regarding being given the wrong medication.

  ii. Failure to receive medication as prescribed

Plaintiff also claims he did not receive his medication as it was prescribed to him. However, the medication log of the Columbia County Jail (Doc. 44, Exhibit 4) shows that Plaintiff received medication as prescribed. Other than his conclusory claims that he did not receive medication as prescribed, Plaintiff has no evidence the medication log is inaccurate. Plaintiff can not specify the date, medication, or amount that was not given to him as prescribed. Summary Judgment should be granted to Defendants on Plaintiff's claim for failure to receive medication as prescribed.

iii. Denial of medical treatment

Plaintiff claims that on two occasions, February 21, 2006 and March 24, 2006, he was denied medical care. On February 21, 2006 Plaintiff stated his nose was bleeding and he was spitting up blood. Plaintiff states the nurse did not come and see him, and he was told the weather was too bad for her to do so. However, the medical records show that Plaintiff was advised that the amount of blood described by the Sargent was "not significant" and that he would be watched. The records also indicate no blood was running out of Plaintiff's nose, rather a little was on a tissue. (Doc. 44, Ex. 3). Again, other than his conclusory statements to the contrary, there is no indication that the Columbia County Medical records are inaccurate.

Further, Plaintiff does not state what harm, if any, he suffered from this alleged denial of medical care. It is clear from the record Plaintiff did not fill out any further grievance or medical requests on the matter.

Plaintiff also claims that on March 24, 2006 he fell from his bunk and hit his head. The records show Plaintiff was given Tylenol and an ice pack. He was placed in a holding cell and monitored. (Doc. 44, Ex. 4). Plaintiff claims this was not the case. He states he was put into his regular cell and was not monitored, and that it took "some time" before he received any medical attention. Plaintiff does not appear to dispute that he was given Tylenol and an ice pack or that he was monitored for any resulting injury.

Again, Plaintiff brings offers no evidence to dispute Defendants' records. Plaintiff also fails to state how he was harmed by being put back into his cell or from any delay in treatment. Accordingly, Summary Judgment should be granted to Defendants on Plaintiff's claims of denial of medical treatment.

### iv. Missed Appointments

Plaintiff also claims he was scheduled for several "follow-up" appointments, but that he was never taken to these medical appointments. Plaintiff's medical records file does not support this allegation. Plaintiff gives no indication when the follow-up appointments were to occur or even what doctor they were with or what subject matter the appointments were regarding. Plaintiff further fails to show that he was injured by not being seen for these follow-up appointments. Summary Judgment should be granted to Defendants on these claims.

### D. Denial of Legal Services

Recently the Supreme Court has made clear that an inmate does not have a constitutional right to "turn[ ] pages in a law library." *Lewis v. Casey,* 116 S.Ct. at 2182. In *Lewis,* the Court clarified that although in *Bounds v. Smith,* 430 U.S. 817, 828 (1977), it had held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law [,]" the case did not establish a right of access to a law library or to legal assistance, but only "acknowledged [ ] the (already well-established) right of *access to the courts.*" 116 S.Ct. at 2179. In addition, in *Lewis* the Court held that in an access-to-courts claim to establish an actual injury an inmate has to show an impairment of his ability to "attack [his] sentence[ ], directly or collaterally, [or] ... challenge the conditions of [his] confinement."116 S.Ct. at 2182. Even assuming that Plaintiff was alleging an access-to-courts claim, he fails to set forth facts demonstrating an actual injury.

Plaintiff contends he was denied access to the law library, denied access to his attorney, and that his legal mail was opened. It is clear from the evidence presented in this case that each time

Plaintiff requested access to the law library he was told there was no such facility available and the request was forwarded to his attorney. Plaintiff fails to specifically demonstrate how his lack of access to a law library caused him harm.

Although Plaintiff complains he was denied access to his attorney, his own response to the Motion for Summary Judgment shows this is not the case. Each time Plaintiff requested to speak with his attorney, either a phone call or fax was placed on his behalf. Plaintiff appears to be arguing that since he was not allowed to leave a message for his attorney, his right to access to counsel has been denied.

Plaintiff also contends his legal mail was opened. It is clear from the record that Defendants responded to Plaintiff's complaints regarding this issue. Often, Defendants sought more information on Plaintiff's allegations. There is no indication Plaintiff followed up with Defendants on these matters. Additionally, other than his conclusory allegations, Plaintiff simply alleges that as he did not get a response, his legal mail was opened and/or undelivered. Plaintiff has failed to demonstrate a material issue of fact regarding his claims of denial of a law library, counsel, access to the courts, or legal mail. Defendants' Motion for Summary Judgment should be granted.

### E. Excessive Force

As a pretrial detainee, Plaintiff's excessive-force claim is properly analyzed under the due process clause of the Fourteenth Amendment. *See Graham v. Conner,* 490 U.S. 386, 395 & n. 10 (1989) (due process clause protects pretrial detainee from force amounting to punishment).

Plaintiff claims excessive force was used against him on April 22, 2006. Defendant Delaney reported that on the morning of April 22, 2006, the inmates in Pod 3, including Plaintiff, refused to return their breakfast trays. At lunch, the officers entered Pod 3 to have the inmates hand in their

trays.  Plaintiff refused to get up.  The sheriff advised Plaintiff to get up, and with his hand, pushed Plaintiff toward where the trays were.  Later, Defendant Delaney was called back to the Pod and was advised by Defendant Pye that Plaintiff was lying on his bunk stating he could not move.  Plaintiff stated the sheriff had choked him and now he was suffering paralysis.  According to the incident report, there were no red marks, cuts, abrasions, or swelling to indicate injury.  Deputies were requested to move Plaintiff.  Plaintiff was moved and placed in administrative segregation to maintain order and security.

Plaintiff claims he had bruising on his left side from being drug by the officers, presumably after he informed them he was unable to get up.  The incident report states Plaintiff admitted the paralysis was fake, although Plaintiff states it was not.  There is no evidence any force was used against Plaintiff, indeed, his only alleged injury was from removing him for observation after he claimed he could not move on his own.  Plaintiff presents no evidence that force was used on him by the sheriff in the first instance, causing his paralysis, or that force was used to move him after this alleged incident.  *See, Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir.1986) (due process clause inquiry includes determinations of whether officers acted in good faith or maliciously and sadistically, and whether force used exceeded force needed).  Summary Judgment should be granted on Plaintiff's claims of excessive force.

**F.  Denial of a Shower**

Plaintiff states in his addendum to Complaint (Doc. 9) that he was denied a shower for three days.  This condition of confinement claim is properly raised under the Eighth Amendment.  An Eighth Amendment violation requires a jailer to deprive a prisoner of a "single, identifiable human need." *Wilson v. Seiter,* 501 U.S. 294, 304 (1991).  However, a prison official can only be held to

have violated the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the official must be deliberately indifferent to the prisoner's health. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Reece v. Groose,* 60 F.3d 487, 491 (8th Cir.1995).

While basic personal hygiene falls within "the minimal civilized measure of life's necessities" to which a prisoner is entitled, Plaintiff has alleged that at most he was denied a shower for three days. *See Farmer,* 511 U.S. at 834 (citing *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). The Eighth Circuit has previously held that a complaint of only showering fifteen times in six months, with no shower for eighteen or twenty-eight day stretches is not a violation of the eighth amendment. *Scott v. Carpenter,* 24 Fed. Appx. 645, 648, (8th Cir. 2001). Accordingly, Summary Judgment should be granted on Plaintiff's claims of denial of a shower.

### G. Denial of Equal Portions of Food/Retaliation

Plaintiff claims he was denied equal portions of food and then retaliated against for complaining of this discrepancy. Any equal protection claim Plaintiff is attempting to make is frivolous, given that Plaintiff only complains of unequal portions on one occasion – March 24, 2006 at the noon meal. *See, Sandlin v. Walton*, 1995 WL 57478, *1 (8th Cir.1995) (affirming Sandlin's equal protection claim based on not receiving beef gravy on one occasion was frivolous). Likewise, as Defendant's alleged conduct, even if true, does not amount to the denial of a nutritionally adequate diet, any Eighth Amendment claim is also frivolous. *See Divers v. Department of Corrections,* 921 F.2d 191, 194 (8th Cir. 1990) (per curiam); *see also Wishon v. Gammon,* 978 F.2d 446, 449 (8th Cir. 1992).

Plaintiff further alleges he was retaliated against for complaining about his unequal portion

of food. However, Plaintiff does not provide any facts or details as to how Defendants retaliated against him. At the least, Plaintiff fails to show any injury from this retaliation. Summary Judgment should be granted to Defendants on Plaintiff's claims he was denied equal portions of food and that he was retaliated against for complaining of the unequal portions.

### III. CONCLUSION

For the reasons stated, I recommend that the defendants' motion for summary judgment (Doc. 42) be **GRANTED** in its entirety.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this **14th day of August, 2007.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE